United States District Court
Southern District of Texas
**ENTERED**
October 14, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AN LUONG | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:19-CV-00194 |
| | § | |
| KROGER TEXAS L.P., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

I take no joy in issuing this order. For the first time in two and a half years on the bench, I am issuing sanctions against an attorney for failing to comply with a discovery order. It pains me. I am a firm believer that sanctions should rarely be imposed. Only when the conduct of counsel is so egregious and so unacceptable should a district court, as a last resort, impose sanctions. Unfortunately, the conduct of Plaintiff's counsel in this case is so beyond the pale that sanctions are required to punish counsel for their deplorable conduct and, hopefully, deter them from conducting themselves with such flagrant disregard for the rules and court orders going forward.

The series of the events that got us to where we are today began with a trip-and-fall personal injury lawsuit originally filed in state court and removed to federal court. At an initial scheduling conference in September 2019, I issued a docket control order and encouraged the parties to conduct the discovery needed to zealously represent their clients' interests. On September 25, 2019, Defendant Kroger Texas L.P. ("Kroger") served Plaintiff with interrogatories. Interrogatory No. 7 requested that Plaintiff disclose the

medical providers who treated her within the last 10 years, the reason for such treatment, and the diagnosis or prognosis made by her medical providers. Plaintiff objected to Interrogatory No. 7 on the grounds that the discovery request was broad, burdensome, and cumulative. Plaintiff also referred Kroger to her initial disclosures, but that provided no help because the initial disclosures did not identify her medical providers for the past 10 years. Kroger sent letters to Plaintiff's counsel in December 2019 and February 2020 requesting that Plaintiff properly respond to Interrogatory No. 7. Plaintiff ignored these requests.

In May 2020, Kroger served its Second Set of Interrogatories on Plaintiffs. These narrowly targeted discovery requests asked Plaintiff to disclose medical providers from whom she sought treatment for her eyes, and requested that she disclose any surgical procedures she has had performed on her eyes. The discovery responses were due on June 12, 2020. Plaintiff did not bother to respond to the outstanding discovery requests at all. On July 16, 2020, Kroger sent a letter to Plaintiff's counsel providing notice of Kroger's intent to raise outstanding discovery issues with the court. In a disturbing trend, Plaintiff's counsel totally ignored the request and refused to participate in the discovery process.

From the record before me, it is clear that Kroger has reached out to Plaintiff's counsel on numerous occasions to discuss outstanding discovery issues, but Plaintiff's counsel has been largely unresponsive. Kroger's counsel maintains that she cannot even get Plaintiff's counsel to talk to her on the phone or communicate by email.

On October 7, 2020, Kroger submitted a letter to the Court describing in great detail Plaintiff's refusal to engage in the discovery process. In Galveston, we have a local rule

requiring the parties to submit a joint letter outlining any discovery dispute. In an effort to comply with this requirement, Kroger reached out to Plaintiff's counsel for input in the letter, but Plaintiff's counsel thumbed their noses, yet again, at Kroger, this Court, and the judicial process in general.

On Friday, October 8, 2020, I reviewed the correspondence sent by Kroger identifying the outstanding discovery issues. I was appalled. It was clear to me that Plaintiff's counsel was acting improperly, skirting their responsibility to conduct discovery, treating opposing counsel with a disturbing lack of respect, and obstructing the administration of justice. I then issued an order which, in pertinent part, stated as follows:

> (1) Plaintiff will fully answer Kroger's Second Set of Interrogatories by **noon on Tuesday, October 13, 2020**. A courtesy copy of the interrogatory responses will be emailed to my case manager, William Bostic, at william_bostic@txs.uscourts.gov at the same time.
>
> (2) All objections to Interrogatory No. 7 are **OVERRULED**. Plaintiff will fully answer Interrogatory No. 7 (and thus identify her medical providers from the last 10 years) **by noon on Tuesday, October 13, 2020**. A courtesy copy of the interrogatory responses will be emailed to my case manager, William Bostic, at william_bostic@txs.uscourts.gov at the same time.
>
> (3) Plaintiff's counsel will submit a letter to the Court by **5 pm on Monday, October 12** explaining (1) why Plaintiff did not timely respond to Kroger's Second Set of Interrogatories; and (2) why Plaintiff's counsel failed to confer with Kroger's counsel in connection with this discovery dispute as required by Judge Brown's procedures. The Court will then determine whether sanctions are appropriate.
>
> (4) There will be a hearing at **4 pm on Tuesday, October 13, 2020**, by Zoom to discuss the discovery dispute (Dkt. 15) and Kroger's Motion for Continuance (Dkt. 16). Mr. Bostic will provide counsel the Zoom link for the hearing.

Dkt. 19 at 1–2.

Needless to say, I fully expected Plaintiff to comply with my order, just as I would anticipate every litigant in every case to comply with a duly entered court order. But no. Instead, Plaintiff's counsel ignored my order. The complete disrespect for this Court is truly alarming. To start, Plaintiff's counsel missed the Monday, October 12 deadline to submit a letter explaining why they failed to timely respond to Kroger's Second Set of Interrogatories, and why they failed to confer with Kroger's counsel in connection with this discovery dispute as required by Judge Brown's procedures. Although Plaintiff apparently did partially respond to Kroger's Second Set of Interrogatories, she asserted objections (which were overruled as a matter of law because Plaintiff never responded to the discovery requests), and she failed to provide a copy to my case manager, as directed. To make matters worse, Plaintiff entirely blew off my order to fully answer Interrogatory No. 7 (and thus identify her medical providers from the last 10 years) by the specified time.

To top things off, Plaintiff's counsel failed to appear at the designated time for the October 13, 2020, oral hearing. That's right. They just decided not to show. Ten minutes after the hearing started, I had to pull out my cell phone, call the office of Plaintiff's counsel and get passed around like a hot potato before, finally, lawyer Anthony Pusch picked up the line. He had no explanation for his failure to comply with this Court's multiple orders. None at all.

To say that I am disappointed would be a great understatement. I take great pride in our judicial system and it upsets me to no end when a lawyer engages in unprofessional conduct. The Texas Lawyer's Creed provides standards for attorney professionalism and civility. Plaintiff's counsel would be wise to pick that document up and review it. In

adopting the Texas Lawyer's Creed, the Supreme Court of Texas and the Texas Court of Criminal Appeals observed that as lawyers:

> We must always be mindful that the practice of law is a profession. As members of a learned art we pursue a common calling in the spirit of public service. We have a proud tradition. Throughout the history of our nation, the members of our citizenry have looked to the ranks of our profession for leadership and guidance. Let us now as a profession each rededicate ourselves to practice law so we can restore public confidence in our profession, faithfully serve our clients, and fulfill our responsibility to the legal system.

TEXAS LAWYER'S CREED—A MANDATE FOR PROFESSIONALISM, reprinted in Texas Rules of Court (adopted November 7, 1989) (reaffirmed March 26, 2013).[1] We must not forget these simple, but powerful words.

Federal Rule of Civil Procedure 37 authorizes a district court to issue sanctions for a party's failure to comply with discovery orders. *See* FED. R. CIV. P. 37(b)(2)(A), (C). A district court may also hold a party in civil contempt where there is "clear and convincing evidence that (1) a court order was in effect, (2) the order required specified conduct by the respondent, and (3) the respondent failed to comply with the court's order." *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). Likewise, a federal court may award sanctions against a party who fails to comply with a court order. *See Sabre Grp., Inc. v. Eur. Am. Travel, Inc.*, 192 F.3d 126, 1999 WL 683863, at *1–2 (5th Cir. 1999) (affirming the district court's sanction of a party for failing to attend a court-ordered settlement conference).

---

[1] A .pdf copy of the Texas Lawyer's creed is available online for review at https://www.texasbar.com/AM/Template.cfm?Section=Ethics_Resources&Template=/CM/ContentDisplay.cfm&ContentID=30311.

"Federal courts have undisputed, inherent power to regulate practice in cases pending before them." *Carroll v. Jacques*, 926 F. Supp. 1282, 1288 (E.D. Tex. 1996). "This power originates from the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (internal quotation marks and citation omitted). Furthermore, "[a] district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks and citation omitted). "The court may also use that power to sanction conduct if it is in direct defiance of the sanctioning court or constitutes disobedience to the orders of the Judiciary." *Id.* (cleaned up). Along these lines, the Fifth Circuit has upheld findings of bad faith for vexatious conduct that consciously, deliberately, and willfully disobeyed a district court's discovery orders. *See F.D.I.C. v. Conner*, 20 F.3d 1376, 1382–83 (5th Cir. 1994).

As I observed at the outset of this order, I do not routinely issue sanction orders. In fact, I try to avoid imposing sanctions at all costs. But enough is enough. Disobeying a district court's discovery order is conduct that must be stopped. I am hopeful that this order, and the accompanying sanctions, will put an end to such disgraceful conduct. It is my sincere wish that Plaintiff's counsel will pursue the highest ideals of our noble profession, and never find themselves in this position again.

Accordingly, I order the following:

(1) Based on the legal authority set forth above, I issue a **$1,000 sanction** against Plaintiff's counsel Anthony Akins Pusch and Chi-Hung David Nguyen. Plaintiff's counsel shall deliver a $1,000 check to the Clerk

        of the Court by **5 pm on Monday, October 19, 2020**. Once payment has been made, Plaintiff's counsel should immediately file a letter with the Court stating that the payment has been made.

(2) Plaintiff will fully answer Kroger's Second Set of Interrogatories by **5 pm on Thursday, October 15, 2020**. All objections have been waived. The interrogatory responses shall be properly verified. A courtesy copy of the interrogatory responses must be emailed to my case manager, William Bostic (william_bostic@txs.uscourts.gov).

(3) Plaintiff will fully answer Interrogatory No. 7 (and thus identify her medical providers from the last 10 years) by **5 pm on Thursday, October 15, 2020**. A courtesy copy of the interrogatory responses must be emailed to my case manager, William Bostic.

(4) If Plaintiff fails to comply with paragraphs 3 or 4 above, I will impose a **sanction of $500** for each day (including weekends) that complete discovery responses are not provided.

(5) Because it is apparent to me that there is a total and complete lack of communication between counsel, I **ORDER** counsel to exchange cell phone numbers and communicate directly with each other. To be clear, the lawyers in this case—not office staff—should talk to each other about any outstanding discovery, scheduling, trial, and/or settlement issues.

SIGNED on this 14th day of October 2020

                                                ANDREW M. EDISON
                                             UNITED STATES MAGISTRATE JUDGE